UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LESTER L. WASHINGTON

VERSUS

NATIONAL EDUCATION
ASSOCIATION, ET AL

CIVIL ACTION

NO. 10-322-BAJ-DLD

## ORDER OF DISMISSAL

This matter is before the Court on a review pursuant to 28 U.S.C. §1915, which provides, in pertinent part that "the court shall dismiss the [*in forma pauperis* proceeding] at any time if the court determines that . . . the action or appeal is frivolous or malicious, [or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citing, *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995)). "District courts are vested with especially broad discretion in making the determination whether an [*in forma pauperis*] proceeding is frivolous. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). "This broad discretion derives from §1915's dual role of keeping the courtroom doors open to all litigants regardless of financial resources, yet guarding against abuse of this free access by litigants, . . . who have nothing to lose by flooding courts with suit after suit." *Wilson v. Lynaugh* 878 F.2d 846, 849-50 (5th Cir. 1989) *cert. denied,* 439 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989).

On September 8, 2011, the Magistrate Judge ruled on several motions filed by plaintiff in this matter (doc. 34) and dismissed several as vexatious (docs. 21, 23, 24, 30, 31). Prior to addressing the motions, however, the Court noted that:

> On May 4, 2010, plaintiff filed this lawsuit alleging numerous and various claims against several individuals, and stated that this present lawsuit is a "refiling of the case from the USDC MDL 307cv0451 and USCA Fifth Circuit Case 08-30392 with a refiled and updated Notice of Right to Sue from the EEOC who refused to investigate the case in 2002/2003 - 2009 . . ." (rec. doc. 1, pg 8). Plaintiff was granted *in forma pauperis* status. However, insofar as the court is able to determine, the parties, issues, and claims are nearly identical, if not completely identical, to the issues and claims raised by plaintiff in Civil Action 07-0451-JJB-DLD, and seem to relate to events which occurred between 2002 and 2006.[1] In the earlier case, the court dismissed plaintiff's myriad of claims, and this court's subsequent judgment was upheld by the Fifth Circuit Court of Appeals (rec. doc. 61, 01/21/2009). Here, it appears that plaintiff filed the instant action because he received a new EEOC right-to-sue notification and because he was not satisfied with the outcome in the prior litigation; however it was difficult to understand the basis of plaintiff's new claims, if any, and the court ordered plaintiff to file a copy of the EEOC charge of discrimination along with a copy of the EEOC's right-to-sue notice (rec. doc. 4).
>
> On August 24, 2010, plaintiff filed his response to the court's order, and provided a copy of the EEOC right-to-sue notification for charge number 461-2009-01998, dated February 3, 2010 (rec. doc. 7, pg. 32). Plaintiff also included his "official complaint against employee(s) form [emails]" which states that it is "against numerous employees and the EBRPSS District for adding false information to my files and refusing to remove it from 2002-2009: a collaborated effort via numerous persons

---

[1] In fact, the defendants named in this matter are identical to those named in the previous case.

2

against me a tenured teacher/counselor." (*Id.*, pgs 37-64). Plaintiff filed this "official complaint" on May 7, 2009, and received a letter from the US EEOC on July 10, 2009. (*Id.*, pg 26). The letter stated in pertinent part:

> I am writing in response to your request to reconsider our decision in your charge against the East Baton Rouge School Board (Case Number 461-2009-01122). Based upon my review of your case file, your request for reconsideration is denied. Your charge was not filed in a timely manner and therefore there is no reason to reopen the case . . . In your case, the Right to Sue was dated May 21, 2009.

> It is thus unclear to this court if the "official complaint" provided by plaintiff is the EEOC charge of discrimination relating to the February 3, 2010, right-to-sue notice, or if the "official complaint" is the EEOC charge of discrimination relating to the May 21, 2009, and July 10, 2009, right-to-sue notice/denial of reconsideration. As plaintiff did not provide a copy of the actual EEOC charge of discrimination, which would include the proper charge number, the court is undertaking a review of the action pursuant to 28 U.S.C. 1915(e), in light of plaintiff's *in forma pauperis* status.[2]

(Doc. 34, pp. 4-5 (footnotes added)).[3]

As is noted in the Magistrate Judge's Ruling, the original complaint asserts that the present case is a refiling of a previous case. Plaintiff's amended complaint

---

[2]The record demonstrates that no copy of the actual charge of discrimination was subsequently filed into the record.

[3]After the above rulings and notice were issued, plaintiff filed a motion for reconsideration (doc. 35), which the Court has considered in its review of this matter pursuant to Rule 1915(e). The document, however, fails to address the concerns set forth by the Magistrate Judge. To the contrary, the document consists, in large part, of vexatious allegations directed at this and other courts.

3

repeats that assertion and further states that the previous case "was illegally dismissed in the USDC MDL BASED ON FALSE CLAIMS THAT THE PLAINTIFF HAD NOT FILED WITH THE EEOC . . . ." (Doc. 6, p. 9 (emphasis in original)). The complaint also asserts that this Court "illegally" dismissed the previous case (doc. 1, p. 14) and "violated the laws of the US Supreme Court, US Court of Appeals Fifth Circuit, USDC MDL, and GROSS AND NEGLIGENT OBSTRUCTION WAS ALLOWED on all levels of litigation from the state court to the US SUPREME COURTS [sic] . . . ." (*Id.* at p. 16 (emphasis in original)). Plaintiff also asserts that the Equal Employment Opportunity Commission "falsely claimed that it did not investigate charges filed for employees of EBRPSS, EBRPAE, and the employees the case on behalf of and granted the defense and illegal dismissal based on false claims" (*Id.* at 18).

Thus, a large part of the complaint is dedicated to conclusory allegations of misconduct by this Court and the Equal Employment Opportunity Commission with regard to the previous case. Moreover, the Court's review of the remainder of the pleading demonstrates a notable lack of specific, nonconclusory, material allegations against specific defendants such as are required to establish claims upon which relief may be granted. For example, plaintiff asserts a violation of the Age Discrimination in Employment Act as follows:

### FOURTH CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

**Violation of the Age Discrimination in Employment Act of 1967 (Adea) [sic] Against the Plaintiff, a 45-50 Year Old African American Abd PhD Candidate, Employee, Potential Employee**

The defense [sic] has repeatedly violated the US Age Discrimination Act (ADEA) and Gender Discrimination laws against specifically African American male's [sic] educators in this case. The Plaintiff was 41 a the time these acts were committed and today is older than that.

(Doc. 6, at p. 29).

The foregoing allegation fails to identify any specific act by any specific defendant, and thus fails to set forth any claim under the Age Discrimination in Employment Act. The Court finds that plaintiff's other claims are similarly flawed. Accordingly, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

### CONCLUSION

For all of the foregoing reasons, this matter is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Baton Rouge, Louisiana, October _13_, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA